UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| PVD PHASE II, LLC, an Oklahoma Limited liability company | ) ) ) ) | |
| v. | ) ) | CASE No 1:20-cv-01720-AJN |
| SILVER ARCH CAPITAL PARTNERS LLC, a New Jersey limited liability company | ) ) ) ) | |

## STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, certain documents and information may be sought, produced, or exhibited by and between the parties to this action (the "Action") which relate to the parties' or non-parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information which the party making the production deems confidential;

**WHEREAS**, it has been agreed by the parties to the Action, through their respective counsel, that a protective order ("Protective Order") preserving the confidentiality of certain documents and information should be entered by the Court; and

**WHEREAS**, it has been agreed by the parties to the Action, through their respective counsel, that a protective order preserving the privileged nature of inadvertently produced privileged materials should be entered by the Court in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**IT IS STIPULATED AND AGREED THAT:**

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Action whether revealed in a document, deposition, other testimony, discovery response, or otherwise, ("Discovery Material")

by any party in this Action (the "Supplying Party") to any other party (the "Receiving Party"), when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Protective Order.

2. Non-parties who so elect may avail themselves of the protections of this Protective Order and thereby become Supplying Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions by signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that they have read this Protective Order and shall abide by its terms.

3. Any Supplying Party shall, through counsel, have the right, subject to the terms of this Protective Order, to identify and designate as containing "Confidential Information" any document or information it produces or provides (whether pursuant to a discovery request, subpoena, or agreement), whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed that the Supplying Party reasonably believes constitutes, reflects, or discloses its trade secrets or confidential research, development, or commercial information. In designating material as containing Confidential Information, the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under Fed. R. Civ. P. Rule 26(c). Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as Confidential Information unless Confidential Information is contained in the particular edition of the material being designated.

4. A party to this Action may designate as Confidential Information any document or information produced by a non-party or deposition testimony given by a non-party that the party reasonably believes disclosed personal financial, employment, educational, or insurance information, or otherwise qualifies as Confidential Information pursuant to this Protective Order.

5. Specific documents and discovery responses produced by a Supplying Party shall, if appropriate, be designated as containing Confidential Information by marking the first page of the document containing Confidential Information and any answer as "CONFIDENTIAL."

6. Data produced in electronic form may be designated as Confidential Information, by marking the data storage medium with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If the Receiving Party prints out electronic data which contains Confidential Information but which does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

7. Any material produced or provided in the Action for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the material by the Supplying Party to the Receiving Party.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) calendar days after a transcript of said deposition is received by counsel for each of the parties. A Supplying Party shall notify all other parties in writing, at or within thirty (30) calendar days of receipt of the transcript of a deposition given by it or its present or former employee(s), its officer(s), director(s),

partner(s), representative(s), or any expert(s) of specific pages and lines of the transcript which are designated as "CONFIDENTIAL," whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

        9.        Confidential Information shall be disclosed by the Receiving Party only to the following persons:

        a.        The law firms or attorneys employed or retained by the Receiving Party or other parties to the Action to represent them in the Action; the attorneys, paralegals, stenographic, clerical, and litigation support employees of such law firms or attorneys; independent contractors who are working on the Action and under the direction of such law firms or attorneys and to whom it is necessary that the materials be disclosed for purposes of the Action;

        b.        such current and former officers and employees of the Receiving Party or other parties to the Action, as is necessary for the sole purpose of assisting in this Action;

        c.        any outside consultant or expert who is assisting a party to the Action, or counsel to such a party, to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution of this Action, and the assistants, clerical employees, or staff of such consultant or expert;

        d.        the Court, mediators, and any members of their staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court or mediators in this Action; and

    e. stenographic employees and court reporters recording or transcribing testimony in the Action;

    f. any witnesses that counsel for any party believes in good faith will testify at any trial, deposition, or hearing in this action, if, to the extent applicable, furnished, shown or disclosed in accordance with paragraph 15, hereof; and

    g. any other person agreed to by the parties.

  10. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Action shall use that Confidential Information only in connection with the prosecution, defense or appeal of the Action and shall neither use the Confidential Information for any other purpose nor disclose it to any person not listed in paragraph 9 of this Protective Order.

  11. Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party designating the material as "CONFIDENTIAL" consents in writing to such disclosure or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

  12. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party (unless prohibited by law from doing so). Upon receiving such notice, the original Supplying Party shall bear the burden to oppose the subpoena on grounds of confidentiality if it deems it appropriate to do so.

  13. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 9 of this Protective Order.

14. Any Supplying Party may designate or redesignate under paragraph 5 (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; <u>provided</u>, <u>however</u>, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of it who are not entitled to receipt under paragraph 9. Notwithstanding the foregoing, it is up to the Supplying Party to initiate action, which the Receiving Party will not oppose, to retrieve from the Court or place under seal Redesignated Material that the Receiving Party submitted to the Court prior to the redesignation.

15. Any party may request at any time permission to disclose Confidential Information to a person other than those permitted under paragraph 9 or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose therefor. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, emailed pdf or facsimile transmission) within fifteen (15) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure so to respond within the fifteen-day period shall constitute consent to the request. If, where consent is withheld,

6

the requesting party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be made only in accordance with the Supplying Party's designation of the material unless and until differing treatment is directed by order of the Court.

16. Any party may object to the propriety of the designation (or redesignation) of specific material as containing Confidential Information ("Objecting Party") by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, emailed pdf, or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion it will be the burden of the party imposing a limitation on circulation of Discovery Materials to justify the limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

17. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's attorneys from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, the attorneys shall not disclose any other party's Confidential Information other than in the manner provided for in this Protective Order.

18. Except as agreed in writing by counsel of record, before filing any pleading, motion, memorandum, appendix, or other judicial filing that contains, incorporates, reflects, describes, or attaches Confidential Information, counsel shall move for leave of Court to file that

submission under seal and obtain a ruling on this motion. Any document filed under seal pursuant to this Order shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document. All Sealed Documents filed under seal pursuant to this Protective Order shall be filed in a sealed envelope and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. In addition to the legend required to be placed on the document by paragraph 5 above, Sealed Documents shall be identified with the caption of this action and a general description of the sealed contents and shall bear this additional legend on the top of the first page of the document and on the sealed envelope:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
>
> Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court. Counsel shall also electronically file a copy of any such submission with the Confidential Information redacted, deleted, or omitted. Copies of such papers served upon counsel for the parties shall include all Confidential Information and shall be marked as "CONFIDENTIAL" on each page that contains such information.

    19.  Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or stop the Supplying Party from designating the document or information as "CONFIDENTIAL"

at a later date.  Disclosure of the document or information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to its receipt under paragraph 9, pursuant to the redesignation.

20. If Confidential Information is used during depositions, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

21. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

22. Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the Supplying Party, all Confidential Information and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party, _provided, however_, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order.  In the alternative, either the Supplying Party or the person receiving the Confidential Information may elect to have it destroyed, _provided_, _however_, that counsel may retain their attorney work product and all court-filed documents even though they contain Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order.  At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof,

relating to or containing Confidential Information shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Confidential Information and any copies thereof any and all records, notes, memoranda, summaries, or other written material regarding the Confidential Information (except for attorney work product and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order.

23. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received the material.

24. The foregoing provisions concerning confidentiality shall only apply to pre-trial proceedings and to matters provided in pre-trial discovery and designated as CONFIDENTIAL, and shall not affect the conduct of trial or of any hearing in open court. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

25. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit without prior consent of any party or the Court.

26. It is expressly understood by and between the parties that in production Confidential Information in this litigation, the parties shall be relying on the terms and conditions of this Protective Order.

Inadvertent Production of Privileged Materials

      27.    This Stipulation and Order shall also govern the inadvertent production of all privileged or work product materials in the above caption matter and applies equally to all parties.

      28.    In the event that a Supplying Party claims that it inadvertently failed to designate as such any production materials or other information as privileged or work product, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the producing party's intent to assert a claim of privilege or work product over such materials.

      a.    Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly:

      1)    Refrain from further copying or distribution of the subject materials;

      2)    Return or destroy all copies of the document, if the Receiving Party agrees that such document is properly designated as privileged;

      3)    Sequester all copies of the document, if the Receiving Party intends to challenge the designation of the document as privileged;

      4)    Take reasonable steps to notify all parties that may have received the inadvertently produced document(s) at issue.

      b.    Nothing in this Order prevents any party from challenging the designation of documents as privileged.

11

   c. Where the parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the Producing party shall promptly provide replacement production media to the Receiving Party.

  29. <u>Waiver</u>.  The inadvertent production by any Party in this Action of materials subject to a claim of privilege or work product shall not result in a waiver of any such protection in this Action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter.  Nor shall the fact of an inadvertent production by any party in this Action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.

  30. <u>Obligations of Counsel In Absence of Notification</u>.  Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so.  Rather, in the event Receiving Party becomes aware that it is in possession of what appears to be an Inadvertently Produced Privileged Document, then counsel for the Receiving Party shall immediately: (i) cease any further review of the Inadvertently Produced Privileged Document; (ii) notify Producing Party of the inadvertent production; (iii) promptly return or destroy all copies of the inadvertently produced privileged document in its possession; and (iv) take reasonable steps to retrieve all copies of the inadvertently produced privileged documents distributed to other counsel or non-parties.

31. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this proceeding.

32. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

SIGNATURES ON FOLLOWING PAGE

Dated: New York, N.Y.
      September 17, 2020

BERNSTEIN CHERNEY LLP

By: */s/ Hartley T. Bernstein*
      Hartley T. Bernstein

767 Third Avenue
30th Floor
New York, N.Y. 10017
(212) 381-9684
hbernstein@bernsteincherney.com
*Attorneys for Defendant Silver Arch Capital Partners LLC*


TRAFLET & FABIAN

By: */s/ Stephen G. Traflet*
      Stephen G. Traflet

      64 South Street
      Morristown, New Jersey 07960
      Telephone: 973.631.6222
      straflet@trafletfabian.com

MCAFEE & TAFT A PROFESSIONAL CORPORATION

By: */s/ Michael A. Duncan*
      Michael K. Avery
      Michael A. Duncan
      Tenth Floor, Two Leadership Square
      21 1 North Robinson Avenue
      Oklahoma City, OK 73102-7103
      Telephone: (405) 235-9621
      michael.avery@mcafeetaft.com
      michael.a.duncan@mcafeetaft.com
*Attorneys for Plaintiff PVD Phase II, LLC*

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant. SO ORDERED.

SO ORDERED

   September 21
Dated _____, 2020

                                                          _____
                                                 Hon.   Alison J. Nathan, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PVD PHASE II, LLC, an Oklahoma Limited liability company ) ) ) ) v. ) ) SILVER ARCH CAPITAL PARTNERS LLC, ) a New Jersey limited liability company ) ) | CASE No 1:20-cv-01720-AJN |

## **CERTIFICATION**

The undersigned hereby acknowledges that, having read the Stipulation and Protective Order filed in the above-captioned action on _____, 2020, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature

15